IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**AKECHETA MORNINGSTAR**                                                            **PLAINTIFF**

**V.**                              **CAUSE NO. 3:20-cv-00277-NBB-JMV**

**DR. SAGAR PATEL**
**AMR AMBULANCE SERVICE**                                    **DEFENDANTS**

<u>**ORDER TO SHOW CAUSE**</u>

The matter is before the court, *sua sponte*, to order plaintiff to show cause why this case should not be recommended for dismissal for failure to state a claim.

*Background*

On October 19, 2021, plaintiff filed the instant complaint alleging violations of Title VI of the Civil Rights Act of 1964 and the Americans with Disabilities Act. The facts in the case, as alleged, are as follows:

## FACTS

On about October 10th, 2017, Plaintiff Akecheta Morningstar became emotionally compromised when he received what he perceived as an attempt on his life when he was chased by an individual at almost 80-90 mph in his hometown of Canton, Mississippi. Dr. Morningstar had just been forced to resign from his parttime job after receiving a death threat there as well. In addition, his former employer had illegally placed $5000 on his IRS account that resulted in his disability and Medicare Insurance to be terminated. Fearing for his life, Dr, Morningstar entered his vehicle and drove several miles to a service station while on the phone with the Police Department of Jackson Mississippi. Dr, Morningstar exited his vehicle and proceeded to enter the establishment. Shortly thereafter, an Officer for the Jackson Police Department arrived and answered Dr. Morningstar's phone that was ringing. Soon afterward,

representatives from AMR ambulance services arrived. The first thing the AMR representatives performed was a field sobriety or mental awareness asessement in order to discern if the patient was out of his mind. Dr. Morningstar answered all of the questions clearly and correctly. This should have informed them that he wasn't out of his mind. Dr. Morningstar had a legitimate issue to be concerned about. Instead of listening to him the Police Officer hand cuffed him and the AMR techs hit DR. Morningstar with a heavy duty Tranquilizer that knocked him out for 3 or 4 days. DR, Morningstar wasn't conscious that he was in this world. the reason Dr. Morningstar is crying foul is that he was not granted a proper "intake" interview to discuss the concerns with the Doctor. Dr. Morningstar had no idea what they did to him for the 3-4 days. Whatever medicines they gave him had him paranoid, climbing on top of furniture and tearing parts of the walls down trying to escape. Dr. Morningstar vaguely remembers two employees who isolated him in a room and hit him in the arm with some kind of futuristic weapon. Dr. Morningstar also remembers them taking him off of his much needed blood pressure medicines. Workers also beat him up, injuring his ribs and then threw him in a padded room. Dr. Patel was the psychiatric doctor in charge who made the orders to illegally detain Dr. Morningstar against his will. AMR reps, DR Patel and St. Dominick should be charged for kidnapping and causing more physical harm to Dr.Morningstar's body. One of the nurses exclaimed: "He's a hybid". "He's a hybrid". One of the patients must have known they were trying to harm me. So he informed me what I had to do to stay alive. I don't know how he knew, but he was right. Your Honor, please research the following cases filed in various courts that may shed light on this case : *Akecheta Morningstar v. Mississippi Health Systems* that was filed in the Sourthern District of MS (3:19 cv 276 LRA/CWR); *Akecheta Morningstar v. Perkins Law Firm et tal* (Circuit Court of hinds County (20-456)); *Audray Johnson v. Hinds Behavioral Health and Dr. Fayaz Abdrabbo* (Hinds County circuit Court)

Doc. #1.

*Pleading Standard*

When evaluating a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, although *pro se* plaintiff's pleadings are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and while the Court may excuse ambiguities in plaintiff's complaint, the Court may not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Scruggs v. United States*, No. 17-1581C, 2018 WL 1664689, at 4 (Fed. Cl. Apr. 6, 2018).

*Law and Analysis*

**Title VI**

In order to state a claim under Title VI a plaintiff must prove not only that he was discriminated against, but that it was intentional discrimination based upon his race, color, or national origin. *Alexander*, 532 U.S. at 275.

Further, a plaintiff must establish the following factors in to establish a prima facie case: (1) he belongs to a protected class, (2) he applied for a service he was qualified to receive, (3) he was rejected, and (4) similarly situated non-protected individuals were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993); *Washington v. Jackson State Univ.*, No. CIV. A. 307CV00074-D, 2008 WL

2779297, at *4 (S.D. Miss. July 14, 2008). Plaintiff's Title VI claim fails, entirely. For example, not only do the facts plaintiff alleges not fit within the context of the Title VI. Plaintiff had not applied for any services and, according to the facts, was not otherwise denied services that he was qualified to receive. On the contrary, plaintiff appears to describe what appears to be an involuntary commitment and a mental hold, evidencing that he did in fact receive medical care.

**Americans with Disabilities Act**

The ADA prohibits discrimination on the basis of disability and therefore requires equal access to "public accommodation" to persons with disabilities. 42 U.S.C. § 12182(a). Plaintiff does plead widely known mental disability in his complaint. However, plaintiff fails to allege how any of the defendants failed to accommodate him.

Finally, plaintiff does make allegations of assault and kidnapping, but having failed to state a federal cause of actions, this court is without jurisdiction to hear those claims, as the court can find no basis for diversity jurisdiction in the record.

To avoid a recommendation of dismissal, plaintiff shall file an amended complaint, within fourteen (14) days of this order, asserting a cognizable claim, subject to the jurisdiction of this court.

**SO ORDERED**, this the 14th day of January, 2021.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE