IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**AKECHETA MORNINGSTAR, PH.D.**                                                           **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO.: 3:20-cv-277-NBB-JMV**

**DR. SAGAR PATEL**
**AMR AMBULANCE SERVICE**
**ST. DOMINIC-JACKSON MEMORIAL HOSPITAL**
**AMERICAN MEDICAL RESPONSE**                                             **DEFENDANTS**

## Report and Recommendation

This matter is before the court, *sua sponte*, for a report and recommendation that this action be dismissed for failure to state a non-frivolous claim over which this court has jurisdiction as explained hereafter.[1]

## Procedural Background

On October 19, 2020, the *pro se* Plaintiff filed a complaint [1] and motion to proceed *in forma pauperis* [2] in this matter. The complaint alleged in relevant part as follows:

Jurisdiction and Venue
This Court has jurisdiction over this matter for varied reasons: Any cases involving Native American citizens should be remedied in Federal Court. Additionally, the Statute under I'm filing (Title 6 of the Civil Rights Act of 1964) and the ADA is to be resolved in Federal courts. I am particularly filing a claim based upon Healthcare Discrimination. The Plaintiff is claiming to be in a Protective class- being a person of Color. In addition, the Plaintiff is inundated with a mental disability, which is well known throughout the local area where he reside.

Facts
On about October 10th, 2017, Plaintiff Akecheta Morningstar became emotionally compromised when he received what he perceived as an attempt on his life when he was chased by an individual at almost 80-90 mph in his hometown of Canton, Mississippi. Dr. Morningstar had just been forced to resign from his parttime job after receiving a death threat there as well. In addition, his former employer had illegally placed $5000 on his IRS account

---

[1] The Court must make an independent inquiry into its jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004).

resulted in his disability and Medicare Insurance to be terminated. Fearing for his life, Dr, Morningstar entered his vehicle and drove several miles to a service station while on the phone with the Police Department of Jackson Mississippi. Dr, Morningstar exited his vehicle and Proceeded to enter the establishment. Shortly thereafter, an Officer for the Jackson Police Department arrived and answered Dr. Morningstar's phone that was ringing. Soon afterward representatives from AMR ambulance services arrived. The first thing the AMR representatives performed was a field sobriety or mental awareness asessement in order to discern if the patient was out of his mind. Dr. Morningstar answered all of the questions clearly and correctly. This should have informed them that he wasn't out of his mind. Dr. Morningstar had a legitimate issue to be concerned about. Instead of listening to him the Police Officer hand cuffed him and the AMR techs hit DR. Morningstar with a heavy duty Tranquilizer that knocked him out for 3 or 4 days. Dr, Morningstar wasn't conscious that he was in this world. The reason Dr. Morningstar is crying foul is that he was not granted a proper "intake" interview to discuss the concerns with the Doctor. Dr. Morningstar had no idea what they did to him for the 3-4 days. Whatever medicines they gave him had him paranoid, climbing on top of furniture and tearing parts of the walls down trying to escape. Dr. Morningstar vaguely remembers two employees who isolated him in a room and hit him in the arm with some kind of futuristic weapon. Dr. Morningstar also remembers them taking him off of his much needed blood pressure medicines. Workers also beat him up, injuring his ribs and then threw him in a padded room. Dr. Patel was the psychiatric doctor in charge who made the orders to illegally detain Dr. Morningstar against his will. AMR reps, Dr Patel and St. Dominick should be charged for kidnapping and causing more physical harm to Dr. Morningstar's body. One of the nurses exclaimed: "He's a hybid". "He's a hybrid" One of the patients must have known they were trying to harm me. So he informed me what I had to do to stay alive. I don't know how he knew, but he was right. Your Honor, please research the following cases filed in various courts that may shed light on this case: *Akecheta Morningstar v. Mississippi Health Systems* that was filed in the Southern District of MS (3:19 cv 276 LRA/CWR); *Akecheta Morningstar v. Perkins Law Firm et tal (Circuit Court of hinds County (20-456))*; *Audray Johnson v. Hinds Behavioral Health and Dr. Fayaz Abdrabbo (Hinds County circuit Court)*

On December 15, 2020, the motion to proceed *in forma pauperis* was granted [4]. However, the clerk was directed to withhold service of process pending further direction, and on January 13, 2021, an order to show cause why the case should not be recommended for dismissal for failure to state a non-frivolous claim over which the court has jurisdiction was entered [7]. The undersigned noted therein, among other matters, that the Plaintiff failed to assert: (1) in support of his Title VI claim, that he was intentionally rejected by a federally funded entity for a medical

service he was entitled to receive, while similarly situated non-protected individuals were intentionally treated more favorably;[2] and (2) with respect to his Americans with Disabilities Act ("ADA") claim, the complaint failed to identify a public accommodation, generally or specifically, which Defendant(s) failed to provide him.[3]

On January 19, 2021, in response to the show cause order, the Plaintiff filed a "final amended complaint" [8] reasserting the same factual basis for his claims, but now stating:

> This Court has jurisdiction over this matter for varied reasons: Any cases involving Native American Citizens should be remedied in Federal Court. Additionally, the statues under which I'm filing is based upon the issue of Diversity. Please see 28 U.S.C. Code 1332. The claim I'm basing it on is the assault provision of the Federal Code which is 18 U.S.C. 351(3). Please see *Guarro v. States, 237 F.2d 578,580 (D.C. Cir 1956)*. I'm also basing my claim upon the code that deals with kidnapping and false imprisonment. Please see civil 18 U.S. 1201.[4]

## Law and Analysis

Plaintiff's complaint and amended complaint are subject to review under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted *in forma pauperis* status. That section provides in relevant part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2] *See* 42 U.S.C. § 2000d; "Title VI itself directly reach[es] only instances of intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001) (citing *Alexander v. Choate*, 469 U.S. 287, 293 (1985).
[3] To establish prima facie case of discrimination in the provision of public services under ADA, plaintiff must demonstrate: (1) that he is qualified individual within meaning of ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which public entity is responsible, or is otherwise being discriminated against by public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. *See* 42 U.S.C. § 12131, *et seq.*; *see also Melton v. Dallas Area Rapid Transit*, 391 F.3d 669 (5th Cir. 2004).
[4] Plaintiff also asserts that "it took quite sometime for dr. Morningstar to get his brain chemistry back right." And states that it took until "latter part of 2019 of him coming back to a good degree of normalcy. As such, he is well within the allotted statute of limitation."

28 U.S.C. § 1915(e)(2)(B).

Under § 1915, a complaint is "frivolous," and thus subject to dismissal, if it lacks an arguable basis in law or fact. *See Rogers v. Boatright*, 709 F.3d 403, 407-8 (5th Cir. 2013). Additionally, a complaint fails to state a claim when the plaintiff fails to plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* plaintiffs' pleadings are to be liberally construed,[5] the Court may not excuse the complaint's failure to demonstrate a non-frivolous claim. See *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

Federal courts must also assure themselves they have subject-matter jurisdiction over civil cases to hear them. Subject matter jurisdiction is established by either asserting a claim "arising under the Constitution, laws, or treaties of the United States," or by bringing a case in which the amount in controversy exceeds $75,000, exclusive of interest and costs between parties who have complete diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. The courts have "a continuing obligation to examine the basis for their jurisdiction" and may raise jurisdictional issues at any time *sua sponte*. *See MCG, Inc. v. Great Western Energy Corp.,* 896 F.2d 170, 173 (5th Cir. 1990); *Equal Employment Opportunity Commission v. Agro Distribution, LLC,* 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).

The Plaintiff asserted his identity as a Native American, Title VI, and the Americans with Disability Act ("ADA") as bases for his claims and jurisdiction in the original complaint. In the amended complaint, the Plaintiff again asserts his identity as a Native American but drops his

---

[5] *See Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002)

claims under Title VI and the ADA. In their stead, he cites two federal statutes, 18 U.S.C. § 351(e) and 18 U.S.C. § 1201, as bases for his claims and federal jurisdiction.[6]

As for the allegation that being Native American alone states a nonfrivolous cause of action over which this court has federal jurisdiction, the plaintiff is mistaken. Indian American tribes have tribal courts which exercise jurisdiction over their members and certain activities conducted on reservation lands.[7] As such, individuals who are Native American (and are recognized members of an Indian American tribe) are subject to tribal court jurisdiction and have unique access to tribal court remedies. *See Iron Crow v. Oglala Sioux Tribe*, 231 F.2d 89 (8th Cir. 1956)). This unique access does not extend to federal courts; when seeking remedies in federal court, individuals who are members of Indian tribes must allege a plausible claim pursuant to federal law over which the court has federal jurisdiction under 28 U.S.C. §§ 1331 or 1332. And, as was set out in the show cause order in this matter [7] and referenced above, the original complaint did not state facts that, even construed liberally, plausibly stated a cause of action under either Title VI or the ADA.

In similar fashion, the Plaintiff does not state a non-frivolous claim under the aforementioned federal statutes cited in the amended complaint. First, 18 U.S.C § 351(e), criminalizes assassination, kidnaping, and assault on certain government officials. *See generally* 18 U.S.C § 351. The Plaintiff does not allege that he is a government official as enumerated in § 351(a). Second, 18 U.S.C § 1201, on which he newly relies, criminalizes kidnapping where a person is "willfully transported in interstate. . . commerce." Here, the Plaintiff does not allege that he was ever taken outside of Mississippi.

---

[6] The Plaintiff included a citation to a case, *Guarro v. United States*, 237 F.2d 578, 580 (D.C. Cir. 1956). This case is inapplicable to the Plaintiff's claim for jurisdiction; the appellate court reversed a criminal conviction based on evidence in support of a claim that non-violent touching was insufficient to support a conviction under D.C. Code 1951 § 22-504. *See id.*
[7] *See* Indian Reorganization Act, 25 U.S.C. § 476 (1934).

Finally, as concerns the Plaintiff's assertion in his amended complaint as follows: "the statues under which I'm filing is based upon the issue of Diversity. Please see 28 U.S.C. Code 1332" does nothing to vest jurisdiction over his claims in this court. Neither the original nor amended complaint asserts a factual basis (i.e., diverse citizenship of the parties) on which to found jurisdiction pursuant to 28 U.S.C. § 1332.[8]

Accordingly, it is the report and recommendation of the undersigned that the Plaintiff's original complaint and the amended complaint be dismissed without prejudice for failure to state a non-frivolous claim over which this court may exercise jurisdiction.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings.

Respectfully submitted this 25th day of March 2021.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[8] 28 U.S.C. § 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States . . ." 28 U.S.C. § 1332. For diversity jurisdiction to exist, there must be complete diversity. The party asserting diversity jurisdiction must 'distinctly and affirmatively allege []' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex., 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).